**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **ROSARIO F. PEREZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TAPESTRY INC., d/b/a Coach, Inc.**, a New York registered company<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

## NATURE OF THE CLAIM

1. Plaintiff, Rosario F. Perez ("Plaintiff"), brings this class action against Tapestry, Inc., d/b/a Coach, Inc. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. This is a putative class action arising from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), specifically 47 U.S.C. § 227(b)(1)(A)(iii), by sending, or causing to be sent, unsolicited telemarketing text messages to the cellular telephone numbers of Plaintiff and Class members using an automatic telephone dialing system ("ATDS") and/or an artificial or prerecorded voice, without their prior express consent and without any prior business relationship.

3. The TCPA prohibits any person from making any call (including a text message) using an ATDS or an artificial or prerecorded voice to any cellular telephone number without the

called party's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). Through this action, Plaintiff seeks statutory damages on behalf of Plaintiff and members of the Class as defined below.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transmitted, or caused to be transmitted, the subject text messages to Plaintiff's cellular telephone number in this District, and Plaintiff received the subject text messages in this District. Upon information and belief, Defendant has directed the same conduct toward other individuals within this District.

## PARTIES

6. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Miami-Dade County, FL.

7. Defendant is a corporation organized under the laws of the State of Maryland, with its principal place of business located in New York, New York, who conducts business throughout the United States.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

9. Plaintiff is the regular and sole user of cellular telephone number ending in 2526 (the "Subject Number").

10. Plaintiff uses, and at all relevant times used, the Subject Number as Plaintiff's personal cellular telephone number and does not use it for business or commercial purposes.

11. Between February 5, 2026 to at least April 18, 2026, Defendant caused at least 18 unsolicited telemarketing text messages to be transmitted to the Subject Number using an ATDS and/or an artificial or prerecorded voice. The purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's goods and/or services.

12. Plaintiff has never had any business relationship with Defendant, has never purchased any goods or services from Defendant, and has never made any inquiry to Defendant regarding its products or services.

13. Plaintiff never provided Defendant with her cellular telephone number, never signed up for any communications from Defendant, and never provided prior express consent, or any consent to receive telemarketing text messages from Defendant on the Subject Number.

14. Defendant had no basis, contractual or otherwise, to contact Plaintiff at the Subject Number. Defendant obtained Plaintiff's cellular telephone number without Plaintiff's knowledge or consent, upon information and belief through the purchase of consumer data lists or through other third-party data aggregation sources.

15. The Subject Number was not registered on the National Do Not Call Registry at the time Defendant's text messages were transmitted. Nonetheless, the transmission of telemarketing text messages to a cellular telephone number using an ATDS without prior express consent constitutes a separate and independent violation of 47 U.S.C. § 227(b)(1)(A)(iii), regardless of National DNC Registry status.

16. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of privacy, intrusion into her personal life, unwanted use of her cellular data and battery, and a private nuisance.

17. Upon information and good faith belief, Defendant used an ATDS to transmit the subject text messages, as evidenced by the volume, frequency, and impersonal nature of the messages, and Defendant's practice of sending the same or substantially similar messages to large numbers of recipients simultaneously.

18. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff had not provided prior express consent to receive the subject text messages, and that transmitting such messages to the Subject Number was prohibited by law.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent (the "Class") is defined as:

> All persons in the United States who, from four (4) years prior to the filing of this action through the date of class certification, received one or more telemarketing text messages from Defendant, or anyone acting on Defendant's behalf, on a cellular telephone number, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without having provided prior express consent to receive such messages from Defendant, and without having had a prior established business relationship with Defendant.

20. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

21. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated an/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

**NUMEROSITY**

22. Upon information and belief, Defendant has transmitted the violative unsolicited text messages to cellular telephone numbers belonging to at least 50 persons throughout the United States without their prior express consent. The members of the Class, therefore, are so numerous that joinder of all members is impracticable and Plaintiff is a member of the Class.

23. The exact number and identities of Class Members are unknown at this time and can be ascertained only through appropriate discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

24. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class, including:

a. Whether Defendant transmitted telemarketing text messages to Plaintiff and Class members on cellular telephone numbers using an ATDS and/or an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii);

b. Whether Plaintiff and Class members provided prior express consent to receive the subject text messages from Defendant;

c. Whether Plaintiff and Class members had an established business relationship with Defendant at the time the subject text messages were transmitted;

d. Whether Defendant's system for transmitting the subject text messages constitutes an ATDS as defined by 47 U.S.C. § 227(a)(1);

e. Whether Defendant's conduct was knowing or willful; and

f. Whether Defendant is liable for statutory damages, and the amount of such damages.

**TYPICALITY**

25. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories. Plaintiff suffered the same injuries as the members of the Class.

**ADEQUACY**

26. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel experienced in class action litigation. Plaintiff's interests in this matter are not antagonistic to the interests of the members of the Class.

**SUPERIORITY**

27. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class may be substantial, the individual damages incurred by each member are too small to warrant the expense of individual lawsuits. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and incompatible standards of conduct for Defendant.

**COUNT I**

***Violation of 47 U.S.C. § 227(b)(1)(A)(iii)***

***(Unsolicited Telemarketing Text Messages to Cellular Telephone Numbers Using an Automatic Telephone Dialing System Without Prior Express Consent)***

***(On Behalf of Plaintiff and the Class)***

28. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

29. The TCPA prohibits any person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

30. A text message constitutes a “call” as defined by and subject to the TCPA. *See Drazen v. Pinto,* 74 F.4th 1336 (11th Cir. 2023)*(en banc); Duran v. La Boom Disco, Inc.*, 955 F.3d

279, 280 n.4 (2d Cir. 2020); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

31. An ATDS is defined as equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. 47 U.S.C. § 227(a)(1). The equipment used by Defendant to transmit the subject text messages constitutes an ATDS within the meaning of the TCPA.

32. The TCPA requires prior express consent for telemarketing calls and text messages made to cellular telephone numbers using an ATDS. 47 C.F.R. § 64.1200(a)(2). Prior express consent must be a written agreement bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to that person telemarketing messages using an ATDS. 47 C.F.R. § 64.1200(f)(9).

33. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by transmitting, or causing to be transmitted, telemarketing text messages to Plaintiff and Class members on cellular telephone numbers using an ATDS, without their prior express consent and without any established business relationship.

34. Defendant knew, or should have known, that Plaintiff and Class members had not provided prior express consent to receive the subject text messages, and that transmitting such messages was prohibited by law.

35. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and each member of the Class are entitled to an award of up to $500.00 in statutory damages for each negligent violation, and up to $1,500.00 for each knowing or willful violation, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b. An award of statutory damages for Plaintiff and each member of the Class as applicable under 47 U.S.C. § 227(b)(3);

c. An award of treble damages for each knowing or willful violation pursuant to 47 U.S.C. § 227(b)(3)(C);

d. An order declaring that Defendant's actions, as set forth above, violate the TCPA;

e. An injunction requiring Defendant to cease transmitting telemarketing text messages to cellular telephone numbers using an ATDS without prior express written consent, in compliance with 47 U.S.C. § 227(b)(1)(A)(iii);

f. An award of attorneys' fees, costs, and interest as allowed by applicable law; and

g. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and members of the Class hereby demand a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein, including all records relating to the automated telephone dialing system or platform used to transmit the subject text messages, all contact lists, lead lists, or consumer data lists used in connection with such transmissions, and all records of consent or the absence thereof.

**Rosario F. Perez**, individually and on behalf of all others similarly situated,

Dated: May 13, 2026

Respectfully Submitted,

/s/ Alvin Donald Scott, Jr.
Alvin Donald Scott, Jr.
Florida Bar No.: 110432
**CONSUMER PROTECTION & INSURANCE ATTORNEYS**
8950 SW 74th Ct, Suite 2267
Miami, FL 33156
Telephone: (813) 733-8117
Email: ds@mycpia.com